# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

vs.

DAVID W. HARRIS,

Defendant.

CASE NO. 2:09-CR-216
JUDGE SARGUS

## ORDER

Harris' convictions on conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine and fifty grams of cocaine base and possession of a firearm in furtherance of a drug trafficking crime are the result of his December 2009 negotiated guilty plea. *See* Docs. 15, 18. Prior to sentencing, in April 2010, Petitioner filed motions to withdraw his guilty plea, to suppress evidence, and to dismiss the charges based on the alleged violation of his right to a speedy trial. Docs. 25-27. After a hearing, on May 24, 2010, the Court denied all of Harris' motions. *See* Docs. 37, 38. On June 8, 2010, the Court granted Harris' request for the appointment of new counsel. Doc. 49. On January 19, 2011, Harris was sentenced to the mandatory minimum term of 120 years incarceration on the conspiracy charge. The Court granted the government's motion for downward departure based on substantial assistance and imposed an additional concurrent sentence of one day on Harris' firearm conviction, although he had faced a mandatory consecutive term of five additional years. See Doc. 78. Petitioner filed a timely appeal. His attorney filed a motion and brief under *Anders v. California*, 386 U.S. 738, 744 (1967). On October 27, 2011, the United States Court of Appeals for the Sixth Circuit affirmed Harris' convictions and sentence, concluding there were no non-frivolous grounds for appeal. Doc. 78. On November 23, 2011, the mandate issued. Doc. 80.

On August 30, 2011, Petitioner filed a "Motion for a New Trial" in which he appears to assert he is actually innocent of the charges against him, was convicted pursuant to an illegal search and seizure, that the government improperly withheld evidence against him, and that he was denied the effective assistance of counsel. *See* Doc. 77. Petitioner requests a copy of his sentencing transcripts and the transcripts of his motion to withdraw guilty plea. *See id.* Petitioner also has filed a request for the appointment of new counsel on appeal. Doc. 76.

Harris' motion for a new trial is untimely. *See* Rule 33, Federal Rules of Criminal Procedure.[1] Petitioner should obtain copies of his sentencing transcript and the transcript of the hearing on his motion to withdraw his guilty plea from his attorneys. Petitioner's appeal having been decided, his request for the appointment of new appellate counsel is moot. Further, if Harris intends to file a motion under 28 U.S.C. § 2255, this Court already has provided him the forms for filing such action.

---

[1] Rule 33 of the Federal Rules of Criminal Procedure provides:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) Time to File.

(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Petitioner's motion for counsel, Doc. 76, and his motion for new trial, Doc. 77, are **DENIED.**

**IT IS SO ORDERED.**

1-4-2012
DATE

EDMUND A. SARGUS, JR.
United States District Judge